IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 7:23-883 |
| | ) | 18 U.S.C. § 982(a)(1) |
| | ) | 18 U.S.C. § 1956(a)(1)(A)(i) |
| | ) | 18 U.S.C. § 1956(a)(1)(B)(i) |
| | ) | 18 U.S.C. § 1956(h) |
| -versus- | ) | 21 U.S.C. § 841(a)(1) |
| | ) | 21 U.S.C. § 841(b)(1)(A) |
| | ) | 21 U.S.C. § 841(b)(1)(B) |
| | ) | 21 U.S.C. § 841(b)(1)(C) |
| | ) | 21 U.S.C. § 846 |
| TERRANCE BOBO, a/k/a "Terry" | ) | 21 U.S.C. § 853 |
| MAURICE RICE, a/k/a "Tank" | ) | 21 U.S.C. § 881 |
| MICHAEL JACOBS | ) | 28 U.S.C. § 2461(c) |
| MAURICE CANTY, a/k/a 'Dawg" | ) | |
| | ) | |
| MAURICE SUBER, a/k/a "Lil Shawn" | ) | |
| DANIEL GREGORY, a/k/a "Hollywood" | ) | |
| | ) | |
| | ) | |
| JAMES FOSTER, "Unc" | ) | |
| JAHID WARDEN, "Nephew" | ) | |
| | ) | |
| KEVIN JETER, a/k/a "Coop" | ) | SEALED INDICTMENT |

## COUNT 1
Conspiracy to Commit Drug Trafficking

THE GRAND JURY CHARGES:

Beginning at a time unknown to the Grand Jury, but beginning in at least 2017, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the defendants, TERRANCE BOBO, a/k/a "Terry," MAURICE RICE, a/k/a "Tank," MICHAEL JACOBS, MAURICE CANTY, a/k/a "Dawg,"

MAURICE SUBER, a/k/a "Lil Shawn," DANIEL GREGORY, a/k/a "Hollywood,"

JAMES FOSTER, a/k/a "Unc," JAHID WARDEN,

a/k/a "Nephew,"                                  and KEVIN JETER, a/k/a "Coop,"

knowingly and intentionally did combine, conspire, agree, and have tacit understanding with each other and with others, both known and unknown to the Grand Jury, to possess with intent to distribute and to distribute N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide, commonly known as "fentanyl," methamphetamine, cocaine, and cocaine base, commonly known as "crack cocaine," all Schedule II controlled substances, and heroin, a Schedule I controlled substance:

    a. With respect to TERRANCE BOBO, a/k/a "Terry," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

    b. With respect to MAURICE RICE, a/k/a "Tank," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, and a quantity of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide, commonly known as "fentanyl," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C);

    c. With respect to MICHAEL JACOBS, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide, commonly

2

USCA4

known as "fentanyl," 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B);

d. With respect to MAURICE CANTY, a/k/a "Dawg," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide, commonly known as "fentanyl," and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

e.

f. With respect to MAURICE SUBER, a/k/a "Lil' Shawn," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

3

g. With respect to DANIEL GREGORY, a/k/a "Hollywood," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide, commonly known as "fentanyl," and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C);

h.

i. With respect to JAMES FOSTER, a/k/a "Unc," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

j. With respect to JAHID WARDEN, a/k/a "Nephew," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code,

4

Sections 841(a)(1) and 841(b)(1)(C);

k.

l. With respect to KEVIN JETER, a/k/a "Coop," the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of cocaine, cocaine base, commonly known as "crack cocaine," and heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2
Conspiracy to Commit Money Laundering

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the Grand Jury, but beginning at least in 2017, and continuing up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the defendants, TERRANCE BOBO, a/k/a "Terry," MAURICE RICE, a/k/a "Tank," MICHAEL JACOBS, and MAURICE CANTY, a/k/a "Dawg," knowingly and willfully did combine, conspire, agree and have tacit understanding with others, both known and unknown to the Grand Jury,

(a) to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing

5

USCA4

Case 7:23-cr-00083-DCC SEALED Date Filed 01/08/24 *SEALED* Entry Number 144-1 Page 6 of 9

that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that the transactions were intended to promote the carrying on of a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

    (b)    to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the property, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

USCA4

## FORFEITURE

DRUG TRAFFICKING:

Upon conviction for violations of Title 21 United States Code, Sections 841 and 846 as charged in this Indictment, the Defendants, TERRANCE BOBO, a/k/a "Terry," MAURICE RICE, a/k/a "Tank," MICHAEL JACOBS, MAURICE CANTY, a/k/a "Dawg," MAURICE SUBER, a/k/a "Lil Shawn," DANIEL GREGORY, a/k/a "Hollywood,"

JAMES FOSTER, a/k/a "Unc," JAHID WARDEN, a/k/a "Nephew," and KEVIN JETER, a/k/a "Coop," shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal,

(a) constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation of Title 21, United States Code.

MONEY LAUNDERING:

Upon conviction for violation of Title 18, United States Code, Section 1956 as charged in this Indictment, the Defendants, TERRANCE BOBO, a/k/a "Terry," MAURICE RICE, a/k/a "Tank," MICHAEL JACOBS, and MAURICE CANTY, a/k/a "Dawg," shall forfeit to the United States any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment, or any property traceable to the offense.

PROPERTY:

Pursuant to Title 18, United States Code, Section 982(a)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is

USCA4

subject to forfeiture upon conviction of the Defendants for the offenses charged in this Indictment includes, but is not limited to the following:

(1) Cash Proceeds/Forfeiture Judgment:

A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendants are liable as a result for their violations of 21 U.S.C. §§ 841 and 846.

(2) Money Laundering/Forfeiture Judgment:

A sum of money equal to all property involved in the money laundering offense charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendants are liable as the result for their violation of 18 U.S.C. § 1956.

SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p) as incorporated by 18 U.S.C. § 982 (b)(1), to seek forfeiture of any other property of the said Defendants up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Section 982(a)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

8

USCA4

A  True       BILL

███████████████████

FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: *Jamie Lea Schoen*
Jamie Lea Schoen (Fed. ID # 11386)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.:  864-282-2100
Fax:  864-233-3158
Email: Jamie.l.schoen@usdoj.gov

9

USCA4