IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Case No(s): 7:23CR00883 |
| ) | |
| DEVIN LITTLEJOHN, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DEVIN LITTLEJOHN'S MOTION FOR
DOWNWARD DEPARTURE AND DOWNWARD VARIANCE AND SENTENCING
MEMORANDUM**

Through counsel, Defendant, Devin Littlejohn, hereby requests the Court to impose a downward departure as to Defendant's criminal history and/or to otherwise impose a downward variance at sentencing and order a sentence of probation or home-detention. The Defense submits that such a sentence is justified and proper upon consideration of all the factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary pursuant to the statutory directives set forth in 18 U.S.C. § 3553(a).

**Preliminary Statement**

Devin Littlejohn is 35 years old. He is a high school graduate who attended a year of college. He has been a productive, working member of society for nearly two decades. He has a minimal criminal history solely involving convictions related to his use, ***and not distribution***, of marihuana.

His role in this case is minimal at best as his sole involvement is that he acted as an errand boy for his father, Maurice Rice – errands for which he was never paid. In fact, the most accurate description of his role is captured in the following sentence located at paragraph 14 of

1

his pre-sentencing report – "Rice utilized his son, Devin Littlejohn, to distribute methamphetamine."

Devin's passion in life is his family. He is devoted and committed to his girlfriend, with whom he lives. His heart though are his 5 children in whose lives he remains involved, loving and present. He joyfully supports them both financially and emotionally, and they likewise love him and need him in their lives. To the extent that he is sentenced to active jail time in this case, it would be extremely detrimental to their well-being.

Counsel submits that given the particular circumstances of Devin's life, his limited role in this offense, and the highly unlikely chance that he would re-offend, among other things, that the appropriate sentence in this case after considering all the relevant factors should either be probation or a sentence of home detention.

**Background Information**

Devin was born and raised in Spartanburg, SC. He grew up living with his mother. His father, Maurice Rice, was also present and active save for periods when Mr. Rice was incarcerated. Devin graduated from Spartanburg, High School and took a year of college classes at Spartanburg Community College.

At the age of 17, he left his mother's home and established his own residence. He immediately went to work and has consistently worked in various capacities and at multiple jobs to support himself and ultimately his family ever since. Currently, he owns and operates his own car-detailing business. But he also supplements this income with other part-time jobs, including working as a Door Dash delivery driver and working at other local businesses through staffing companies. His income varies, but in total he makes a little over $3,000 a month. This constitutes the substantial majority of his family's household income.

Speaking of his family, it is rather expansive.  Devin has 5 children that range in age from 12 to 4 years old.  His youngest two children live with him full-time.  He has joint-custody of the other three, and they alternate living between Devin and their mother from week to week – one week with Devin and the next week with their mother.

Devin's passion is his family.   He prioritizes his role as a father above all else.   He works three jobs to provide for them.  But he doesn't just provide for them financially.  He is intimately involved in their lives, and he takes great pride in that fact.  Among other things, he takes them to and from their activities, high school football games, outings in the park, etc.  His influence has been and continues to be a deeply positive force in the lives of his children and his family.

Devin has a criminal history, but it is extremely limited.  In the entirety of his life, he has only three convictions and they are all for simple possession of marihuana **without** an intent to distribute.  The convictions are consistent with and were caused solely because of a marijuana **use** problem that Devin has suffered from since he was 15 years old.

Devin's involvement in this case stems solely from favors that he did for his father in or about June of 2022.  In the over, 2 and a half years since his actions in this case, Devin has not been arrested or otherwise violated the law in any way.  He has been on pre-trial supervision with the federal USPO since March 12, 2024.  During that time, he has complied with all requirements.  He has retained gainful employment, stayed out of trouble, and reported whenever ordered.

In short, Devin is and has been a productive member of society who, given his limited prior record and his behavior and conduct over the past two and a half years, is very unlikely to re-offend.

**Devin's Role in this Matter and the Circumstances Leading to His Involvement**

Devin is only involved in this indictment and conspiracy, because his father involved him. Specifically, his father would occasionally ask him to give parcels to individuals who were purchasing drugs from his father. These parcels were pre-packaged with drug quantities that were not determined in any way whatsoever by Devin. Devin would merely go to his uncle's shop, retrieve a package that was already there and then hand the package to whoever was picking it up.

Accordingly, his role in this conspiracy was minimal at best. While Devin understood what his father did, he did not participate in the planning or organization of his criminal activity. He exercised no decision-making activity, nor did he influence any such decisions. And he did not benefit from his father's criminal activity. He did not have a proprietary interest in what his father. In fact, he was never compensated at all for the favors he did for his father.

It should also be noted that at the time Devin performed these favors for his father, he did not understand the extent to which they implicated him in his father's illegal drug business. He viewed his father's drug-dealing as something his father did, and that he was outside of. In Counsel's experience, this misunderstanding is not uncommon. In Counsel's experience, this misunderstanding stems from the fact that many are not aware that drug statutes not only criminalize drug-dealing but also any activity that either aids and /or abets such activity.

**Motion for Downward Departure of Criminal History Category Pursuant to USSG § 4A1.3**

The United States Sentencing Guidelines allows the Court to depart downward from a Defendant's "if reliable information indicates that the defendant's criminal history substantially

4

over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3.b.1.

In the commentary and application notes to USSG § 4A1.3, the Sentencing Guideline Commission articulates two specific examples when such a downward departure would be warranted. One of those examples, as stated in Application Note 3(A)(ii) states that it is appropriate for a Defendant to receive such a downward departure when "The defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person."

Devin has three criminal history points. Each one of them is from a conviction for possession of marihuana for personal use, without an intent to sell or distribute it to another person.

Accordingly, given the application notes, we request that the Court grant a downward departure of at least 2 points to Devin's Criminal History Score. Such a departure would result in a criminal history score of I. To the extent that the Court is not inclined to grant a downward departure on this basis, we request that the Court grant a downward variance that would result in the same relief.

### Consideration of the 18 U.S.C. § 3553(a) Factors Indicate that A Sentence of Probation or Home Detention Would Be Appropriate

As this court is aware, although the Court must consider the Guidelines, it is now clear that they are only advisory and only should be considered as "the starting and initial benchmark." *Kimbrough*, 552 U.S. at 108 (internal quotation marks omitted). After initially considering the Guidelines, the Court must then look to the factors enumerated in Section 3553(a) that the Court must look to decide the appropriate sentence. Given this Court's exhibited familiarity with those

factors, Counsel will refrain from restating them here.

With that said, Counsel submits that in this, and really in all matters, by far the most important factor in determining an appropriate sentence is the nature of circumstances of the offense and the characteristics of the defendant. Consideration of this factor, with respect to Devin and his role, strongly indicates that the appropriate sentence should be one of probation or home detention rather than active incarceration.

As discussed above, the nature and circumstances of Devin's role in the offense was, minimal. He only became involved at the request of his father, and upon that request performed very limited tasks. He was not paid for these tasks and was not significantly involved in other aspects of the conspiracy.

Moreover, as for the characteristics of Devin himself, he has exhibited throughout his life that he is an extremely hard working and productive member of society. He has minimal criminal history. And he remains devoted only to the support, care and loving of his family.

These facts and circumstances in no way indicate that an active incarceration period is necessary in this case. The limited role he played, the fact that he only became involved at his father's request, and the lack of any other criminal history that would suggest a predilection to become engaged in this type of activity all indicate it is very unlikely that Devin will reoffend. Additionally, Devin has no need for educational or vocational that would be best provided through active incarceration. There is no restitution involved. And given all the circumstances in this matter, there is no message that would be best communicated by his being actively incarcerated.

Accordingly, a sentence of probation or alternately a sentence of home detention would more than satisfy the factors identified in § 3553(a). Thus, the Defense hereby moves for a downward variance as necessary to achieve this result.

## Conclusion

For the foregoing reasons, the Defendant, Devin Littlejohn, respectfully requests that he be sentenced to a sentence of probation or home detention with a proper period of community supervision to follow.

Date: December 5, 2024

*Kenneth C Gibson*

Kenneth Gibson (Federal I.D. No. 07972)

Attorney for Defendant Devin Littlejohn